

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11. TEXAS**

GERALD C. MANN
~~XXXXXX WILSON XXXXXXX~~
ATTORNEY GENERAL

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-1143
Re: Whether property of Sarah
B. Milroy Hospital is exempt
from taxation.

We are in receipt of your letter of July 18, 1939, wherein you request our opinion as to whether the Sarah B. Milroy Hospital is exempt from the payment of texes to the Brenham Independent School District upon its properties. Under the facts which you submit to us, the Sarah B. Milroy Hospital is a Texas corporation with capital stock having a par value and organized for private profit.

Article 8, Section 2 of the State Constitution provides that "the Legislature may by general laws exempt from taxation.......... institutions of purely public charity; and all laws exempting property from taxation other than the above mentioned shall be null and void."

Section 7 of Article 7150, Revised Civil Statutes, was enacted in pursuance to the above constitutional provision, and the first sentence thereof reads as follows:

> "Public charities. All buildings belonging to institutions
> of purely public charity, together with the lands belonging
> to and occupied by such institutions not leased or otherwise
> used with a view to profit, unless such rents and profits and
> all moneys and credits are appropriated by such institutions
> solely to sustain such institutions and for the benefit of
> the sick and disabled members and their families and the
> burial of the same, or for the maintenance of persons when
> unable to provide for themselves, whether such persons are
> members of such institutions or not....."

The fact that the institution in question does some charitable work is not sufficient to bring it within the exemption. Our courts have held that the work "purely" as used in Article 8, Section 2, of the Constitution, is intended to modify the word "charity" and not the word "public". Therefore, for an institu-

tion to be one of "purely public charity," it must be one whose property is used wholly and exclusively for charitable purposes. B.P.O.E. Lodge No. 151 vs. City of Houston, 44 S.W. (2d) 488; City of Houston vs. Scottish Rite Benevolent Association, 230 S.W. 978. As stated in Santa Rosa Infirmary vs. City of San Antonio, 259 S.W. 926, by the Commission of Appeals, Section 2 of Article 8 of the Constituion expressly makes null and void all exemptions attempted thereunder by the Legislature unless authorized by the constitutional provision itself. It is not made mandatory that the Legislature shall extend the exemption but the constitutional provision is only an authorization to do so. As shown in the above quotation, the statute does not attempt to extend the exemption to buildings and land belonging to an institution where the same is used with a view to profit. This precludes from the exemption the property of a corporation where distributable earnings in the shape of dividends upon the stock of the corporation are to accrue. See Santa Rosa Infirmary vs. City of San Antonio, supra. Exemptions from taxation are not favored and in order for a person to receive the benefits of such exemption the burden is upon him to show that his property clearly comes within the same. B. P. O. E. Lodge No. 151 vs. City of Houston, supra; Santa Rosa Infirmary vs. City of San Antonio, supra. Under the facts submitted to us, the property of the Sarah B. Milroy Hospital is not exempt from the payment of the school taxes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:N

APPROVED JUL. 31, 1939

W. F. MOORE

FIRST ASSISTANT
ATTORNEY GENERAL